IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

MEMORANDUM IN SUPPORT OF JOINDER OF THE UNITED STATES UNDER RULE 19 FOR BREACH OF THE INTERNATIONAL FINANCIAL INSTITUTIONS ACT (IFI ACT) AND SEC REGULATIONS

| | |
|---|---|
| THIAGARAJAN PONNOUSSAMY<br>4202 Pinefield Ct<br>Fairfax VA 22033<br>justiceforthiaga@gmail.com<br>571-316-0490<br><br>       Plaintiff<br><br>  – against –<br><br><br>THE INTERNATIONAL BANK FOR RECONSTRUCTION AND DEVELOPMENT (also referred as World Bank)<br>       Defendant | CASE NO 1: 25-cv-04225-TNM<br><br>Jury Trial: YES |

I. INTRODUCTION ................................................................................................. 1

II. ALLEGED IBRD VIOLATIONS OF THE IFI ACT .................................................. 1

III. FEDERAL STATUTORY DUTIES UNDER THE IFI ACT ...................................... 2

IV. CONGRESSIONAL OVERSIGHT AND REPORTING DUTIES ............................. 2

V. CONGRESSIONAL LEGISLATIVE ENFORCEMENT THROUGH APPROPRIATIONS (FREEZE OF FUNDS) .................................................................................... 3

VI. LIMITS OF WBAT JURISDICTION AND NEED FOR FEDERAL PARTICIPATION .............. 4

VII. DISCOVERY LIMITATIONS AND UNIQUE FEDERAL ROLE ............................. 4

VIII. NECESSITY OF SEC PARTICIPATION UNDER RULE 19 ................................. 5

IX. LEGAL STANDARD UNDER RULE 19 .............................................................. 6

X. RELIEF REQUESTED AND BASIS FOR JOINDER ............................................. 6

## I.   INTRODUCTION

1.      Plaintiff submits this Memorandum in support of joining the United States—specifically the U.S. Secretary of the Treasury, the U.S. Executive Director to the World Bank, and the U.S. Securities and Exchange Commission (SEC), in their official capacities—under Rule 19. This Rule 19 joinder action, which alleges that IBRD violated the International Financial Institutions Act (IFI Act) and made inconsistent representations in its SEC filings, requires the Court to interpret the statutory duties imposed on these federal entities and determine how IBRD's alleged noncompliance triggers mandatory federal oversight.

## II.   ALLEGED IBRD VIOLATIONS OF THE IFI ACT

2.      Plaintiff asserts that IBRD violated §1504(7) of the IFI Act, codified at 22 U.S.C. §262o–3(a) (7), by failing to maintain effective, reliable, and confidential procedures for receiving, retaining, and addressing retaliation and misconduct complaints.

3.      Plaintiff asserts that IBRD violated §1505(8) of the IFI Act, codified at 22 U.S.C. §262o–4(a) (8), by failing to maintain an independent and effective investigative mechanism capable of conducting impartial reviews of complaints.

4.       Plaintiff asserts that IBRD violated §1505(11), codified at 22 U.S.C. §262o–4(11), by denying him access to the best-practice burdens of proof required for establishing retaliation claims and by engaging in retaliatory actions against Plaintiff for his protected disclosures.

5.      Plaintiff further alleges that IBRD lacks consistent and reliable procedures for receiving and addressing accounting-related concerns, in direct contradiction to IBRD's representations in its regular SEC filings that it maintains procedures for handling such concerns arising from accounting, internal control, and auditing processes.

## III.     FEDERAL STATUTORY DUTIES UNDER THE IFI ACT

6.      United States Congress assigned oversight responsibilities to the United States Government to achieve the policy goals of IFI Act §§1504 and 1505.

7.      Section 1504 of the IFI Act directs the Secretary of the Treasury to instruct the U.S. Executive Director in IBRD to inform the institution of U.S. policy goals and to use the United States' voice and vote to advance those goals.

8.      Section 1505 of the IFI Act requires the Secretary of the Treasury to instruct the U.S. Executive Director to promote, advance, and monitor implementation of U.S. policy goals set forth in §§1504 and 1505 of the IFI Act.

## IV.     CONGRESSIONAL OVERSIGHT AND REPORTING DUTIES

9.      Section 1701 of the IFI Act requires the Secretary of the Treasury to submit annual reports to Congress on U.S. actions at IFIs, including governance failures, compliance deficiencies, and remedial actions.

10.     Section 1504(d) of the IFI Act requires the Secretary of the Treasury or the Secretary's designee to brief Congressional committees on implementation of IFI Act mandates when requested.

## V.  CONGRESSIONAL LEGISLATIVE ENFORCEMENT THROUGH APPROPRIATIONS (FREEZE OF FUNDS)

11. Congress enforces IFI Act policy goals through appropriations conditions, including freezing or conditioning U.S. contributions.

12. Congress previously withheld U.S. contributions to the Asian Development Bank (AsDB) until the Secretary of the Treasury certified to Congressional Appropriations Committees that AsDB had made substantial progress toward specified U.S. policy goals. See § 2126(c) of the [Department of Defense and Full-Year Continuing Appropriations Act, 2011](#), Pub. L. No. 112–10. Notably, § 2126(c)(3) contains the same operative language as § 1505(11) of the IFI Act.

13. Beginning in 2024, Plaintiff repeatedly warned IBRD that IBRD's continued noncompliance with the IFI Act risked triggering U.S. Congressional enforcement measures, including the freezing or conditioning of U.S. contributions. IBRD management nevertheless disregarded these warnings, underscoring that statutory violations would not be corrected without direct U.S. Government intervention.

14. In its October 29, 2025 World Bank Administrative Tribunal filing, IBRD asserted that the IFI Act was "irrelevant," reflecting a deliberate disregard for the IFI Act.

15. Judicial findings of IBRD's IFI Act violations by this Court would directly implicate appropriations-based enforcement tools.

16. Implementation of appropriations-related remedies requires coordinated action by the Secretary of the Treasury and the U.S. Executive Director, underscoring that such statutory duties cannot be fulfilled or enforced in the absence of the United States as a party to this action.

## VI.  LIMITS OF WBAT JURISDICTION AND NEED FOR FEDERAL PARTICIPATION

17. The World Bank Administrative Tribunal held that in Decision No. 606 that it lacks jurisdiction to adjudicate IBRD's violations of the IFI Act.

18. Only a U.S. federal court may interpret and enforce obligations arising under the IFI Act.

19. Accordingly, the interests of the United States—including those of the U.S. Executive Director to IBRD, the Secretary of the Treasury, and the SEC—cannot be adjudicated in their absence, as their statutory duties under the IFI Act and federal securities laws are directly implicated by the issues presented in this litigation.

## VII.  DISCOVERY LIMITATIONS AND UNIQUE FEDERAL ROLE

20. Section 1505(11) of the IFI Act requires that whistleblowers be afforded access to best-practice burdens of proof, but IBRD's privileges and immunities restrict access to documents, witnesses, and records necessary to meet that standard.

21. Under 22 U.S.C. §286h, the United States is bound by the Bretton Woods Agreements, which incorporate the IBRD Articles of Agreement. Article VII §5 of the IBRD Articles of Amendment provides that the archives of the IBRD shall be inviolable, limiting access to internal IBRD records.

22. This treaty-based inviolability constrains implementation of §1505(11) of the IFI Act, reinforcing the need for U.S. participation under Rule 19 when discovery limitations arise.

23.     Because of these structural limitations, the U.S. Executive Director must use the United States' voice and vote to ensure Plaintiff is afforded the statutory burden of proof and meaningful access to evidence. Without U.S. participation, Plaintiff may be denied access to evidence required to meet §1505(11) of the IFI Act requirements, undermining the protections Congress intended for whistleblowers.

24.     In the absence of U.S. participation, Plaintiff's ability to litigate his claims would be substantially impaired, and the proper course of justice would be impeded, making joinder mandatory under Rule 19.

25.     Plaintiff submits that the appropriate remedy is for this Court to waive IBRD's asserted privileges and immunities for purposes of this litigation to ensure Plaintiff receives full and fair discovery rights equivalent to those available against any corporate entity operating in the United States.

26.     Plaintiff intends to file a separate motion requesting that this Court explicitly waive IBRD's immunities and privileges and ensure that Plaintiff is afforded access to all discovery rights and privileges normally available against any corporate entity operating in the U.S.

## VIII.    NECESSITY OF SEC PARTICIPATION UNDER RULE 19

27.     The SEC must be joined because IBRD's SEC filings assert the existence of procedures for handling accounting-related concerns. Plaintiff's disclosures challenge the truthfulness and adequacy of those representations to SEC.

28.     WBAT Decision No. 586 held that accounting practices do not fall within IBRD's staff contract of employment, leaving Plaintiff without internal recourse when the Ethics Unit refused to investigate questionable accounting practices.

29. Plaintiff's June 12, 2023 whistleblower report highlighted that WBAT Decision 586 contradicts IBRD's SEC filings and requested reforms to align internal obligations with external representations to the SEC.

30. The SEC has regulatory authority over the accuracy of IBRD's filings, giving it a legally protected interest under Rule 19(a).

31. Complete relief cannot be afforded without SEC participation because the Court's determinations may affect or require clarification of SEC-related obligations arising from IBRD's filings.

## IX. LEGAL STANDARD UNDER RULE 19

32. Rule 19(a)(1) requires joinder when complete relief cannot be accorded among existing parties, or when proceeding without an absent party would impair or impede absent party's legally protected interests.

33. If joinder is not feasible, Rule 19(b) requires the Court to determine whether the action may proceed in equity and good conscience. In this case, some claims may proceed without the United States, but claims that depend on enforcing statutory duties assigned to the Secretary of the Treasury, the U.S. Executive Director and SEC cannot proceed in the absence of the United States, making joinder essential to the full and fair resolution of this action.

## X. RELIEF REQUESTED AND BASIS FOR JOINDER

34. Plaintiff seeks declaratory and equitable relief requiring interpretation of federal statutory duties under the IFI Act by United States.

35. Plaintiff seeks no monetary relief against the United States.

36. Complete relief cannot be afforded without joining the United States, the U.S. Executive Director, the U.S. Secretary of the Treasury, and the SEC.

37. Sovereign immunity is waived for non-monetary relief under 5 U.S.C. §702.

38. Jurisdiction is proper under 28 U.S.C. § 1361 because this action seeks to compel performance of nondiscretionary statutory duties imposed on federal officers under the IFI Act, including duties assigned specifically to the U.S. Executive Director to the World Bank and the U.S. Secretary of the Treasury.

39. Jurisdiction is also proper because the SEC's oversight obligations arise under the Securities Exchange Act of 1934, including its authority to enforce the accuracy of issuer filings, internal control representations, and disclosure requirements under 15 U.S.C. §§ 78m(a), 78m(b)(2), and relevant implementing regulations.

40. Plaintiff requests that the Court order joinder of the United States, the U.S. Executive Director, the U.S. Secretary of the Treasury, and the SEC, all in their official capacities, as necessary parties under Rule 19.

Date: December 15, 2025

Respectfully submitted,

*/s/ Thiagarajan Ponnoussamy*
Thiagarajan Ponnoussamy Plaintiff, Pro Se
4202 Pinefield Ct
Fairfax VA 22033
justiceforthiaga@gmail.com
571-316-0490