IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

PLAINTIFF'S RESPONSE MEMORANDUM TO DEFENDANT'S OPPOSITION TO JOINDER

| | |
|---|---|
| THIAGARAJAN PONNOUSSAMY<br>4202 Pinefield Ct<br>Fairfax VA 22033<br>justiceforthiaga@gmail.com<br>571-316-0490<br><br>                    Plaintiff<br><br>– against –<br><br><br>THE INTERNATIONAL BANK FOR<br>RECONSTRUCTION AND DEVELOPMENT<br>(also referred as World Bank)<br>                    Defendant | CASE NO 1: 25-cv-04225-TNM<br><br><br>Jury Trial: YES |

INTRODUCTION .......................................................................................................................... 1

JOINDER UNITED STATES CANNOT BE HELD IN ABEYANCE OR DENIED ....................... 1

I. Order of Operations Joinder is a Threshold Issue ................................................................. 1

    A. Rule 19 Analysis is a Threshold Determination ............................................................... 2

    B. Joinder must be decided before Motion to Dismiss .......................................................... 3

    C. Joinder by United States will ensure proper sequencing of this Lawsuit ......................... 3

    D. Absence of Joinder risks prejudice to United States ......................................................... 4

    E. Absence of Joinder creates risk of inconsistent obligations ............................................. 5

II. Waiver of Immunity Under IOIA For FSIA Exceptions ....................................................... 6

    A. Joinder by United States can result in IBRD Board waiving IBRD's Immunity ................. 7

III. JOINDER AS LEGAL COUNSEL FAILED TO REPRESENT ENTIRE IBRD ..................... 8

    A. Legal Counsel Pleading Protects Wrongdoing of Senior IBRD Officials ........................... 8

    B. Legal Counsel Is Ignoring The Obvious Violation of US Laws by Senior IBRD Officials ..... 8

    C. Opposition to Joinder Ignores Deliberate Breach of the IFI Act ....................................... 9

    D. Code of Conduct requires Legal Counsel to Consult IBRD Board of Directors ................ 10

IV. RESPONSE TO DEFENDANT CLAIMS ............................................................................ 11

    A. United States is Immune from Suit ................................................................................ 11

    B. 5 U.S.C. § 702 ................................................................................................................ 11

    C. Motion to Dismiss ........................................................................................................... 12

    D. Rule 19 – Joinder of United States and Indispensability Test ........................................ 12

    E. United States has not claimed interest to this action ..................................................... 13

CONCLUSION .......................................................................................................................... 14

**Cases**

California Motor Transport Co. v. Trucking Unlimited.............................................................................13
*Jam v. International Finance Corp.*, 139 S. Ct. 759 (2019) ........................................................................6
Philippines v. Pimentel, 553 U.S. 851 ..........................................................................................................1
Schutten v. Minge, 385 F.2d 92, 96 (5th Cir. 1967) ....................................................................................3
Temple v. Synthes Corp., Ltd., 498 U.S. 5 ..................................................................................................2

**Statutes**

28 U.S.C. § 1361 ........................................................................................................................................11
5 U.S.C. § 702 ............................................................................................................................................11
Fed. R. Civ. P. 19(a)(1)(B)(i) ........................................................................................................................4
Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1602–1611 .........................................................6
International Financial Institutions Act (IFI Act) 22 U.S.C. §§ 262o–262r..................................................2
International Organizations Immunities Act (IOIA) U.S. Code as 22 U.S.C. § 288 et seq............................6

# INTRODUCTION

1. Plaintiff respectfully submits this Reply Memorandum in Response to Defendant International Bank for Reconstruction and Development's (IBRD) opposing Joinder of the United States and its relevant officials. Defendant's request that joinder be held in abeyance or denied pending resolution of a motion to dismiss is contrary to Federal Rule of Civil Procedure 19 and controlling US Supreme Court precedent. Joinder of the United States and its relevant officials is a threshold issue that must be resolved before the Court may address merits-based or dispositive motions.

## JOINDER UNITED STATES CANNOT BE HELD IN ABEYANCE OR DENIED

### I.  Order of Operations - Joinder is a Threshold Issue

2. Before this Court may address the merits of Plaintiff's claims or Defendant's anticipated or pending motion to dismiss, it must first resolve whether this action may proceed in the absence of the United States and its officials under Federal Rule of Civil Procedure 19. The US Supreme Court has repeatedly emphasized that Rule 19 establishes a mandatory sequencing rule that protects absent parties—particularly sovereigns—and preserves the integrity of the judicial process.

3. In Republic of the Philippines v. Pimentel, the US Supreme Court held that Rule 19 is not a "mere procedural technicality," but a provision "designed to protect the interests of absent parties as well as the interests of the public in the efficient and fair administration of justice." Republic of the Philippines v. Pimentel, 553 U.S. 851, 862, 864–67, 872 (2008). The Court further explained that where a required party asserting sovereign interests

is absent, courts must give "full effect" to those interests and should not proceed to adjudicate the merits until the Rule 19 inquiry is resolved.

4.  Plaintiff seeks relief for IBRD's repeated and ongoing breaches of the International Financial Institutions Act (IFI Act) 22 U.S.C. §§ 262o–262r and other federal laws. Congress has expressly assigned implementation and enforcement responsibilities under the IFI Act to the United States Secretary of the Treasury and the United States Executive Director (US ED) at IBRD. The statutory duties of these officials—and related regulatory interests of the United States Securities and Exchange Commission (SEC)—are directly implicated by the claims asserted in this litigation.

5.  Defendant contends that joinder should be deferred or denied on the theory that a motion to dismiss will moot Plaintiff's joinder request. That argument inverts the sequencing required by Rule 19 and Supreme Court precedent. Where a required party is absent, the Court must resolve joinder first—not after a merits-based dismissal.

**A.  Rule 19 Analysis is a Threshold Determination**

6.  The US Supreme Court has expressly held that determining whether a party is required or indispensable "is a threshold determination under Rule 19." Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7–8 (1990). Rule 19 governs whether an action may proceed at all in the absence of a required party and therefore must be resolved at the outset of the litigation, before consideration of merits-based defenses or dispositive motions.

7.  Consistent with this principle, once a Rule 19 issue involving a sovereign or sovereign interests is raised, lower courts "should have desisted from further proceedings" until joinder is resolved. Republic of the Philippines v. Pimentel, 553 U.S. 851, 872 (2008). That

directive applies with full force here, where the statutory and regulatory interests of the United States are central to the claims asserted.

**B.  Joinder must be decided before Motion to Dismiss**

      8.      The Supreme Court has emphasized that Rule 19 protects not only the interests of absent parties, but also the integrity of the judicial process itself. As the Court explained in Republic of the Philippines v. Pimentel, "a court must examine Rule 19 issues and decide whether the action should proceed in the absence of a required party." 553 U.S. 851, 867–68 (2008).

      9.      Rule 19 is applied "in equity and good conscience" and must be enforced pragmatically, not subordinated to litigant-driven sequencing preferences. Schutten v. Minge, 385 F.2d 92, 96 (5th Cir. 1967). Defendant's attempt to postpone joinder until after dismissal would deprive the absent sovereign of its protected interests and undermine the Rule 19 core purpose.

**C.  Joinder by United States will ensure proper sequencing of this Lawsuit**

      10.      Plaintiff seeks relief arising from IBRD's failure to comply with mandatory policy directives set forth in the IFI Act. Congress has assigned responsibility for implementing those directives to the United States Secretary of the Treasury and the United States Executive Director at IBRD. The United States holds approximately sixteen percent of the voting power on IBRD's Board, and the IFI Act expressly requires the United States Executive Director to use the voice and vote of the United States to advance statutory policy goals. As reflected in the December 2025 Congressional Research Service report on the World Bank (IBRD), submitted as Exhibit B, Congress exercises ongoing control over United States policy at IBRD through appropriations, legislative oversight, statutory reporting requirements, and the

appointment and confirmation of United States representatives to IBRD, including the United States Executive Director and the United States Governor to IBRD, a role customarily held by the United States Secretary of the Treasury.

11.     By way of example, IBRD has breached Section 1504(7) of the International Financial Institutions Act by failing to assign an independent reviewer to investigate Plaintiff's March 8, 2023 retaliation complaint, despite repeated reminders by the Plaintiff. This specific failure illustrates IBRD's systemic noncompliance with policy directives imposed by the IFI Act, as well as the absence of any effective internal mechanism capable of enforcing those directives. Joinder of the United States Secretary of the Treasury and the US ED to IBRD is therefore necessary to enable the performance of their statutory duties and to ensure that the policy objectives of the International Financial Institutions Act are meaningfully implemented and enforced within IBRD. The IFI Act provides, in relevant parts

> "ACHIEVEMENT OF CERTAIN POLICY GOALS —The Secretary of the Treasury should instruct the United States Executive Director at each multilateral development institution to inform the institution of the following United States policy goals, and use the voice and vote of the United States to achieve the goals at the institution before June 30, 2005"  22 U.S.C. § 262o-3.

### D.  Absence of Joinder risks prejudice to United States

12.     Proceeding without the United States would, as a practical matter, "impair or impede" its ability to protect its statutory and regulatory interests under Fed. R. Civ. P. 19(a)(1)(B)(i). Adjudicating IBRD's motion to dismiss in the absence of joinder would risk prejudicing the United States' oversight, reporting, and enforcement responsibilities under multiple federal laws, including the International Financial Institutions Act, the Sarbanes–Oxley

Act, and regulations administered by the United States Securities and Exchange Commission (SEC).

13. Paragraphs 50 through 55 of the Amended Complaint, Dkt. 18 ¶¶ 50–55, further demonstrate IBRD's violations of regulations administered by the United States Securities and Exchange Commission (SEC) under the Sarbanes–Oxley Act. Despite multiple written notifications, IBRD failed to investigate Plaintiff's reported concerns regarding questionable accounting practices, and the Ethics Unit declined to initiate any investigation. These failures directly implicate regulatory and oversight responsibilities of the SEC. At the same time, the United States Government has requested that Congress authorize exemptions for International Development Association bonds from SEC registration requirements. Joinder of the United States and the United States SEC is therefore necessary to ensure that Congress is fully informed of IBRD's regulatory compliance failures and is able to evaluate appropriate legislative and oversight responses.. The following is an excerpt from Congressional Research Service (CRS) report - See Exhibit B

> "Additionally, the Trump Administration is requesting authorization to exempt IDA bonds from Securities and Exchange Commission (SEC) registration requirements, similar to the exemption granted to IBRD bonds"

### E. Absence of Joinder creates risk of inconsistent obligations

14. Plaintiff was advised by staff of member of US Congress that adverse actions taken in retaliation for protected disclosures could be addressed through United States Government mechanisms under the IFI Act and other US federal law. Refer Exhibit A. Plaintiff's communications with Members of Congress were transparently disclosed to senior IBRD officials from June 12, 2023 onwards. In the absence of joinder of the United States, US ED of

IBRD, and other responsible United States officials, this Court cannot grant complete relief. In absence of joinder, Plaintiff would be forced to initiate separate litigation against the US ED and the United States Government to compel the use of the United States voice and vote at IBRD and to secure implementation of the IFI Act. Rule 19 exists to prevent precisely this form of piecemeal litigation, conflicting obligations, and ineffective relief, all of which would result if joinder were denied in this action.

## II.  Waiver of Immunity Under IOIA For FSIA Exceptions

15.  In *Jam v. International Finance Corp.*, 139 S. Ct. 759 (2019), the United States Supreme Court held that international organizations do not enjoy absolute immunity under the International Organizations Immunities Act (IOIA) U.S. Code as 22 U.S.C. § 288 et seq. Rather, international organizations—including IBRD—are entitled only to the same restrictive immunity afforded to foreign sovereigns under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1602–1611. The Court further held that immunity does not apply where an international organization's conduct falls within an FSIA exception, including the commercial-activity exception, 28 U.S.C. § 1605(a)(2), or the non-commercial tort exception, 28 U.S.C. § 1605(a)(5), when the relevant acts or omissions occur in the United States. As set forth in the Statement of Facts, Plaintiff alleges that senior IBRD officials engaged in misrepresentation, deceit, and libel arising in substantial part from IBRD's failure to address violations of the International Financial Institutions Act and other US Laws.

16.  Plaintiff alleges that senior IBRD officials engaged in misrepresentation, deceit, and libel, including statements made to the IBRD Board of Directors, in connection with Plaintiff's protected disclosures and employment actions. These acts, which occurred in substantial part within the United States, fall within the noncommercial tort exception to the

Foreign Sovereign Immunities Act and reinforce the need to resolve joinder by US ED as a threshold matter before any consideration of the merits.

17. As a specific example of misrepresentation to the IBRD Board of Directors, on December 11, 2023, the Chair of the Human Resources Committee informed Plaintiff that the Board had been advised that Plaintiff's concerns regarding IBRD's failure to assign a reviewer to investigate his March 8, 2023 retaliation complaint were receiving urgent attention from People and Culture (now Human Resources). In fact, no reviewer was assigned and Plaintiff received no response from the Vice President for Human Resources. Plaintiff alleges that these assurances, communicated to the IBRD Board of Directors, were false and constitute misrepresentation and deceit by senior IBRD management. Because such Board-level misrepresentations directly implicate the US ED's oversight and voice-and-vote responsibilities, joinder is necessary to enable corrective action consistent with the IFI Act. See Dkt. 18 at 21. The email from Chair of HR Committee of Board states the following

> "Your email; is well noted and I and other ED's have been assured that this is receiving the urgent and investigative necessary attention from all stakeholders responsible for justice in the workplace, People and Culture and units responsible to bring these type of issues to finality"

**A. Joinder by United States can result in IBRD Board waiving IBRD's Immunity**

18. Section 1505(11) of the International Financial Institutions Act requires access to independent adjudicative mechanisms for whistleblower retaliation claims and adherence to international best practices regarding burden of proof. IBRD's internal adjudicative bodies have disclaimed authority to enforce the International Financial Institutions Act, thereby placing responsibility on the United States Executive Director and the United States. Plaintiff

alleges, for example, that IBRD management falsely represented to the office of the United States Executive Director that Plaintiff had "serious documented performance issues" warranting termination, while repeatedly failing to disclose or produce any contemporaneous documentation supporting those assertions. Plaintiff was terminated without being afforded access to the asserted evidence or any meaningful burden-of-proof protection.

19.     Upon joinder, the US ED may exercise the voice-and-vote authority mandated by Section 1505(11) of the IFI Act to ensure that Plaintiff receives whistleblower protections consistent with international best practices, including access to an appropriate burden of proof. The US ED may also request consideration by IBRD's Board of a waiver of immunity where necessary to effectuate compliance with the IFI Act. Denial of joinder would impede Plaintiff's ability to obtain the statutory protections and remedies guaranteed under Section 1505(11) of the IFI Act.

## III.   JOINDER AS LEGAL COUNSEL FAILED TO REPRESENT ENTIRE IBRD

### A. Legal Counsel Pleading Protects Wrongdoing of Senior IBRD Officials

20.     This litigation concerns alleged violations of US Laws by senior IBRD officials and binding IBRD Staff Rules, as well as acts of misrepresentation, deceit, and libel. Defendant's opposition to joinder focuses on shielding individual officials from scrutiny rather than addressing the institutional compliance failures alleged. Joinder is necessary to protect IBRD's long-term institutional interests and to ensure that statutory obligations are enforced through the mechanisms prescribed by US Congress.

### B. Legal Counsel Is Ignoring The Obvious Violation of US Laws by Senior IBRD Officials

21.     Even after Plaintiff's termination, Plaintiff requested during World Bank Administrative Tribunal (WBAT) proceedings that IBRD comply with the IFI Act and warned

that Congress has historically frozen funding for IFIs that fail to comply with US policy objectives under the IFI Act. See Dkt. 18 at 45. Rather than addressing those concerns and complying with the IFI Act, IBRD's Deputy General Counsel asserted in WBAT proceedings that the IFI Act is irrelevant. See Dkt. 18 at 46. In addition, IBRD's Legal Counsel in this litigation has consistently disregarded alleged breaches of the IFI Act and other US laws by senior IBRD officials and has opposed joinder of the United States, the US ED to IBRD, and other responsible United States officials in this action. Taken together, these positions underscore the need for joinder to protect IBRD's institutional interests and raise substantial questions as to whether Legal Counsel is acting in the best interests of IBRD, as required by Model Rule of Professional Conduct 1.13(3) from American Bar Association.

> "[3] When constituents of the organization make decisions for it, the decisions ordinarily must be accepted by the lawyer even if their utility or prudence is doubtful. Decisions concerning policy and operations, including ones entailing serious risk, are not as such in the lawyer's province. Paragraph (b) makes clear, however, that when the lawyer knows that the organization is likely to be substantially injured by action of an officer or other constituent that violates a legal obligation to the organization or is in violation of law that might be imputed to the organization, the lawyer must proceed as is reasonably necessary in the best interest of the organization. As defined in Rule 1.0(f), knowledge can be inferred from circumstances, and a lawyer cannot ignore the obvious"

**C. By Opposing Joinder Legal Counsel Ignores Code of Conduct of Legal Professionals**

22.     Joinder of the United States Secretary of the Treasury and the United States Executive Director ensures that serious violations of the International Financial Institutions Act and other United States laws are reviewed by the highest authorities within IBRD. By opposing joinder, IBRD's Legal Counsel is obstructing the notification of alleged breaches of the International Financial Institutions Act and other United States laws to the institution's highest decision-making authorities. Model Rule of Professional Conduct 1.13, adopted by the American Bar Association, requires organizational counsel to bring matters of

sufficient seriousness to the attention of higher authority within the organization.

> "[4] In determining how to proceed under paragraph (b), the lawyer should give due consideration to the seriousness of the violation and its consequences, the responsibility in the organization and the apparent motivation of the person involved, the policies of the organization concerning such matters, and any other relevant considerations. Ordinarily, referral to a higher authority would be necessary. In some circumstances, however, it may be appropriate for the lawyer to ask the constituent to reconsider the matter; for example, if the circumstances involve a constituent's innocent misunderstanding of law and subsequent acceptance of the lawyer's advice, the lawyer may reasonably conclude that the best interest of the organization does not require that the matter be referred to higher authority. If a constituent persists in conduct contrary to the lawyer's advice, it will be necessary for the lawyer to take steps to have the matter reviewed by a higher authority in the organization. If the matter is of sufficient seriousness and importance or urgency to the organization, referral to higher authority in the organization may be necessary even if the lawyer has not communicated with the constituent. Any measures taken should, to the extent practicable, minimize the risk of revealing information relating to the representation to persons outside the organization. Even in circumstances where a lawyer is not obligated by Rule 1.13 to proceed, a lawyer may bring to the attention of an organizational client, including its highest authority, matters that the lawyer reasonably believes to be of sufficient importance to warrant doing so in the best interest of the organization"

### D.  Code of Conduct requires Legal Counsel to Consult IBRD Board of Directors

23.      Congress has entrusted the United States Secretary of the Treasury and the US ED to IBRD with authority to implement and enforce the policy goals of the IFI Act. By opposing joinder of the United States Secretary of the Treasury and the US ED, IBRD's Legal Counsel has prevented Governor of IBRD, one of the highest authority in IBRD from exercising the statutory responsibilities prescribed by the IFI Act. Such opposition to joinder is inconsistent with the duties imposed on organizational counsel by [Model Rule of Professional Conduct 1.13](), which requires counsel to ensure that serious legal violations are brought to the attention of the highest authority within the organization capable of acting under applicable law, as reflected in Comment 5 to that Rule adopted by the American Bar Association.

"[5] Paragraph (b) also makes clear that when it is reasonably necessary to enable the organization to address the matter in a timely and appropriate manner, the lawyer must refer the matter to higher authority, including, if warranted by the circumstances, the highest authority that can act on behalf of the organization under applicable law. The organization's highest authority to whom a matter may be referred ordinarily will be the board of directors or similar governing body. However, applicable law may prescribe that under certain conditions the highest authority reposes elsewhere, for example, in the independent directors of a corporation."

## IV.   RESPONSE TO DEFENDANT CLAIMS

### A.  United States is Immune from Suit

24.     Defendant asserts that the United States is immune from suit. Plaintiff does not seek, and has never sought, monetary relief from the United States. As set forth in Plaintiff's Motion for Joinder, Dkt. 5, and Memorandum in Support, Dkt. 5-1, Plaintiff seeks only declaratory and equitable relief directed at the performance of nondiscretionary statutory duties. By way of example, under 28 U.S.C. § 1361, once the United States and its officers are joined as parties, the Court may order the US ED to perform duties mandated by law, including the use of the United States voice and vote to ensure that IBRD implements the policy objectives of the IFI Act. Such relief is prospective and equitable in nature and does not require any waiver of sovereign immunity by the United States.

### B.  5 U.S.C. § 702

25.     Plaintiff has never claimed that the United States waived its sovereign immunity in connection with this lawsuit. Plaintiff has stated only that the United States Government and its officers are subject to this Court's jurisdiction for non-monetary claims under 5 U.S.C. § 702. This action falls within that framework. Plaintiff reported breaches of the International Financial Institutions Act to the US ED on June 12, 2023. Thereafter, IBRD's then–

Chief of Staff and current Vice President for Budget assured the President of IBRD, US ED and others to find pathways to address IBRD's breaches of US and other International Laws. Notwithstanding those assurances, IBRD continued to violate the IFI Act. Under these circumstances, the US ED is subject to the Court's jurisdiction for non-monetary, prospective relief under 5 U.S.C. § 702, and no waiver of sovereign immunity by the United States is required.

### C. Motion to Dismiss

26. Plaintiff requests that IBRD's Legal Counsel consult the Audit Committee of the IBRD Board regarding IBRD's alleged breaches of regulations administered by the United States Securities and Exchange Commission before filing any motion to dismiss in this action. The Sarbanes–Oxley Act places responsibility on the Audit Committee of the Board to establish procedures for the receipt, retention, and treatment of complaints regarding questionable accounting or auditing matters. Legal Counsel should not rely solely on representations made by IBRD management but should seek guidance from the Audit Committee concerning compliance with applicable Securities and Exchange Commission regulations. Failure to do so raises concerns regarding compliance with the professional responsibilities imposed on organizational counsel under the Model Rules of Professional Conduct adopted by the American Bar Association. See Exhibit C for Terms of Reference of Audit Committee of IBRD Board.

### D. Rule 19 – Joinder of United States and Indispensability Test

27. Senior Vice President of Legal during the meeting on September 22, 2023 with the Plaintiff stated that IBRD management is not obligated to implement policy goals of member countries. It is the responsibility of each Executive Director in IBRD to work with other Executive Directors to implement the policy goals. US ED is indispensable party to this lawsuit

as implementation of IFI policy goals rests with the US ED to IBRD and not with IBRD management. Joinder of US ED will ensure policy goals set by US Congress are consistently implemented by IBRD. Plaintiff will get the necessary relief only after United States and its officials join this lawsuit. See Exhibit D.

**E.   United States has not claimed interest to this action**

28.   At the advice of staff members of the United States Congress, Plaintiff reported IBRD's breaches of the International Financial Institutions Act and other United States laws to the President of IBRD, the United States Executive Director, and other senior officials on June 12, 2023. Plaintiff thereafter alleges that IBRD's Senior Vice President for Legal stated that, even if Plaintiff possessed whistleblower rights, Plaintiff should not directly communicate with Executive Directors or United States lawmakers (shareholders) to disclose legal violations. Following Plaintiff's continued efforts to report breaches of United States law, IBRD management placed Plaintiff on an Opportunity to Improve status on the asserted ground of disruptive behavior. Plaintiff further alleges that he was threatened with termination if he attempted to communicate with the United States Executive Director or United States lawmakers regarding ongoing IBRD's violations of US Laws. Under these circumstances, Plaintiff was effectively prevented from communicating further with the United States regarding IBRD's alleged breaches of US law. Refer Exhibit D

29.   In California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510–11 (1972) the US Supreme Court held that "The right of petition is one of the freedoms protected by the Bill of Rights... Certainly the right to petition extends to all departments of the Government." Through this lawsuit Plaintiff is petitioning both Judiciary and Executive Branch of the US Government.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant joinder under Federal Rule of Civil Procedure 19 as a threshold matter; order the joinder of the United States, the United States Secretary of the Treasury, the United States Executive Director to IBRD, and the United States Securities and Exchange Commission; and defer consideration of any motion to dismiss or other merits-based relief until joinder is resolved, so as to protect sovereign interests, ensure complete relief, and promote efficiency and judicial economy.

Date: January 9, 2026                                 Respectfully submitted,

*/s/ Thiagarajan Ponnoussamy*
Thiagarajan Ponnoussamy Plaintiff, Pro Se
4202 Pinefield Ct
Fairfax VA 22033
justiceforthiaga@gmail.com
571-316-0490