# Exhibit D

CASE NO 1: 25-cv-04225-TNM

**Thiagarajan Ponnuswamy**

| | |
|---|---|
| **From:** | Christopher Stephens |
| **Sent:** | Friday, March 22, 2024 12:21 PM |
| **To:** | Thiagarajan Ponnuswamy |
| **Cc:** | David Joseph Sullivan Jr; Amir Shaikh; Lisa G Rosen |
| **Subject:** | RE: Appropriate Grievance Mechanisms and Processes |

Dear Thiagarajan,

Please be assured that we are well aware of your dissatisfaction with the results of your many and long efforts to achieve a resolution to your grievances that is satisfactory to you. I hope you also clearly understand our repeated reminders and requests to you to pursue your grievances through the appropriate mechanisms and processes within the Bank's internal justice systems. Again, those systems and processes are designed specifically to give full and fair consideration to those grievances and also to provide a result or determination with finality.

It is not appropriate to pursue other means that are not part of the Bank's prescribed processes and for several reasons: Those other means are not equipped to handle them; pursuing them undermines efficiency, consistency and the whole rationale for having a formalized and resourced Bank-wide system; it is not fair to engage other colleagues outside these systems who are unaware of – or have no role or expertise in – our grievance redress processes; and those alternatives will not produce results that resolve issues in any case, and may, in fact, hinder our normal processes.

Thiagarajan, please take these messages to heart. We have requested that you do so repeatedly and we have spent many hours with you and reviewing your many communications and papers. It is clear, therefore, that more communications from us and more meetings on this point would not seem useful. For these reasons, please expect no further communications from me on this. I hope you can appreciate this.

With best regards,
Chris

---

**From:** Thiagarajan Ponnuswamy <tponnuswamy@worldbank.org>
**Sent:** Friday, March 22, 2024 12:17 PM
**To:** Christopher Stephens <cstephens@worldbank.org>
**Cc:** David Joseph Sullivan Jr <dsullivanjr@worldbank.org>; Amir Shaikh <ashaikh2@worldbank.org>; Lisa G Rosen <lrosen@worldbank.org>; Thiagarajan Ponnuswamy <tponnuswamy@worldbank.org>
**Subject:** RE: Appropriate Grievance Mechanisms and Processes

Dear Chris,

Please let me know if we can meet for 20 to 30 minutes at the earliest. I just realized IBRD has less time to take steps for compliance with the IFI Act. During the meeting, I also would like to share some background materials shared by US lawmakers with me in 2022. My Extended Family and Friends have met with several US Senators and Congressmen over the last few years and this was transparently shared with Legal Counsels during Tribunal proceedings. The following is an excerpt from Nov 2021 Tribunal's decision 656.

> 47. Finally, the Applicant claims that the Bank is violating safeguard provisions of the IFI Act, and that his extended family and friends are determined to ensure that the Bank makes changes to its internal workings so that no other staff member will be subjected to the toxic work environment. He asserts that he is seeking protection under Section 806 of the Sarbanes-Oxley Act from any future adverse actions, and that he may share the details of the alleged IFI Act violations with U.S. officials.

I fully understand that I can report retaliation to Ethics and this is the appropriate grievance mechanism within IBRD. Retaliation is one of the problems but IBRD's continued non-compliance with the IFI Act is the major problem. US Lawmakers have expectations that the US ED has taken the necessary steps as required by the IFI Act to amend the Tribunal's decision 586. US lawmakers had concluded that the Tribunal's decision 586 violates the IFI Act and SEC regulations. I have been repeating numerous times in the last nine months that there is no internal grievance mechanism or internal process in IBRD that can help amend Tribunal rules. Management can request the Board to recommend amendments to Tribunal rules. Only the Board of Governors has the authority to amend Tribunal rules.  PaC or any other unit in the Internal Justice System as your email claims do not have the authority to amend Tribunal rules.

US Lawmakers had specifically wanted to view the steps taken by IBRD and US ED to comply with the IFI Act in the Annual NAC report submitted to US Congress by US Treasury Secretary as required by Sec 1701 of the IFI Act.
https://home.treasury.gov/system/files/206/2023-NAC-Report-US-Treasury.pdf

The NAC report to the US Congress last year was published on the US Treasury website on June 6. **Since the time to comply with the IFI Act is limited I will personally request the President to kindly give me a safe space so that I can suggest IBRD take necessary steps towards compliance with the IFI Act.**
https://home.treasury.gov/policy-issues/international/multilateral-development-banks/reports-to-congress
Any public statement in the NAC report that IBRD has failed to comply with the IFI Act will cause irreparable damages to IBRD.

My line management has raised concerns about me. I will respond to them. However, I would like to point out that my line management, PaC, and other grievance mechanisms have failed to follow relevant staff rules and are abusing staff rules to terminate my employment.

In Dec of 2022, US lawmakers expressed concerns about Governance issues in IBRD. I was specifically instructed by US Lawmakers to reach out to US ED if I notice a continued violation of the IFI Act or any other US Law. IFI Act requires US ED to use voice and vote and ensure IBRD fully complies with the policy goals stated in the IFI Act.

TV who was my hiring manager now represents the shareholder. TV is the highest-ranking official in India's Ministry of Finance. Both Indian ED and TV are of equal ranks reporting to India's Finance minister. I initially raised concerns in 2014 that without proper authority more than $100m unauthorized budget is being allocated. Under TV's guidance, in 2014 I first reported this to Ethics. When Ethics refused to investigate, I then made sure my management conducted an internal review led by TV. TV is fully aware of the constraints in which the Ethics unit in IBRD operates. TV left IBRD in 2015. IBRD failed to implement most of TV's recommendations which led to misrepresentation of facts in Budget documents from FY16 onwards.

I fulfill all the criteria for whistleblowing (reporting to any external entity including media) as long as I do not take any payment. But, instead of reporting to an external entity I had reported to the Board. I documented the same and shared the draft write-up with you and others on Nov 20th, 2023, in an email. I did not get any objections to the Nov 20th, 2023, email and only then I wrote to the Board on Dec 4th. Moreover, I have not been provided with a reviewer to investigate my retaliation claims, raised on Mar 8th, 2023. The manager who retaliated has already retired in Jan 2024. In the past 12 months, I have not received any proper response to my request for an alternative reviewer.

After 4 months from my initial correspondence and after the Board has been notified, I am being requested to refrain from communicating to the Board.

Regards
Thiagarajan

**From:** Thiagarajan Ponnuswamy
**Sent:** Thursday, March 21, 2024 10:48 AM
**To:** Christopher Stephens <cstephens@worldbank.org>
**Cc:** David Joseph Sullivan Jr <dsullivanjr@worldbank.org>; Amir Shaikh <ashaikh2@worldbank.org>; Lisa G Rosen <lrosen@worldbank.org>
**Subject:** RE: Appropriate Grievance Mechanisms and Processes

Dear Chris

Thank you for reaching out to me. I request you to kindly allow both Lakshmi, CROVP, and the Chief of Staff to be included in all my future correspondence.

It's important to note that Tribunal Decisions are public documents. In my whistleblowing document, I have outlined that External Family and Friends (EFFs) have engaged with their respective US Lawmaker's offices over the last few years. Many US Lawmakers have concluded that Tribunal Decision 586 violates the IFI Act and SEC regulations. Please refer to the attachment.

Currently, US Lawmakers are awaiting the Annual Report on Multilateral Development Banks, due to be submitted to the US Congress by June 30, 2024, by the US Treasury Secretary. US Lawmakers have expectations that this annual report will detail the steps taken by IBRD and US ED to amend the Tribunal's decision 586 which will ensure compliance with the IFI Act and SEC regulations.

Lakshmi has shared her past experiences at IFC during a training session with Finance professionals at the Bank. She bravely opposed potentially detrimental investments and was willing to face termination for voicing her concerns. Despite facing marginalization within IFC, Lakshmi's foresight was vindicated when the investment she opposed failed, validating her concerns. The entire IFC management, initially critical of her stance, later applauded her for preventing significant losses.

I was recruited to the World Bank by Dr. T.V. Somanathan (TV), from whom I gained valuable insights into navigating ethical dilemmas. TV currently serves as the Finance Secretary, reporting directly to the Indian Finance Minister. In 2015, I brought concerns regarding IBRD's budget process to TV's attention. Many of TV's recommendations were overlooked by IBRD, leading to a willful misrepresentation of facts to the Board from FY16 onwards. When faced with the choice between loyalty to line management and truthfulness to the institution, TV prioritized the latter.

<u>I request you to kindly respond to this email at the earliest and specifically, I request respond to my request for including CROVP and the Chief of Staff in all my future communications</u>. This will give me a safe space to elaborate on my concerns, questions, and suggestions. In future correspondence, I will highlight that

under US Laws I am being retaliated but current IBRD staff rules current actions by my line management may not be considered as retaliation. I have observed a disregard for relevant staff rules by my line management and others within IBRD, resulting in a consistent denial of due process. There is a concerted effort to terminate my employment by abusing staff rules. I will share details of deviation between US Laws and IBRD staff rules related to retaliation once you respond to this email.

Regards
Thiagarajan

---

**From:** Christopher Stephens <cstephens@worldbank.org>
**Sent:** Wednesday, March 20, 2024 5:55 AM
**To:** Thiagarajan Ponnuswamy <tponnuswamy@worldbank.org>
**Cc:** David Joseph Sullivan Jr <dsullivanjr@worldbank.org>; Amir Shaikh <ashaikh2@worldbank.org>; Lisa G Rosen <lrosen@worldbank.org>
**Subject:** Appropriate Grievance Mechanisms and Processes

Dear Thiagarajan,

Greetings. I write with respect to your email of December 4, 2023 sent to several Executive Directors and Audit Committee Members. I have reviewed your email and consulted with SEC, and have advised the Executive Directors not to respond to you. As you and I discussed on September 22, 2023 and as you have been repeatedly advised over the course of the last six months, there are several options, resources and processes available to you in order to enable you to pursue your concerns and any complaints you may have – including through the various options through PAC and the Internal Justice System. Successive managers, Vice Presidents, PAC and I have advised you to pursue the options and processes that are designed and available for precisely these purposes but these processes do not include outreach to members of the Board or shareholders and – again – I request that you discontinue this approach and work with your Manager, VP BPS or appropriate channels under the Internal Justice System.

Of course, you may continue to reach out to me, Dave Sullivan or Amir Shaikh of LEG or to Lisa Rosen, should you have any further questions.

Thank you for your cooperation on this.

Chris